UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

Keven A. McKenna

    v.                        Civil No. 12-cv-904-JNL-LM

Susan Gershkoff, Marc DeSisto,
and David Curtin

### SUMMARY ORDER

This action is but the latest front in plaintiff Keven McKenna's ongoing battle against the Rhode Island Disciplinary Board, which is presently investigating McKenna, a practicing attorney, for alleged violations of the Rhode Island Code of Professional Conduct.  McKenna asserts that the Board and the Rhode Island Supreme Court, by regulating the conduct of attorneys generally and his conduct in particular, are violating both the separation of powers inherent in Rhode Island's state constitution and a number of provisions of the federal constitution.  He seeks declaratory relief and an injunction preventing the defendants--a member of the Board and two disciplinary counsel appointed to investigate and present the complaint against McKenna to the Board--from holding their positions and from enforcing the Code of Professional Conduct against him.  Because the complaint invokes 42 U.S.C. § 1983, this court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question).

The defendants have moved to dismiss, arguing (among other things) that, under the doctrine announced in Younger v. Harris, 401 U.S. 37 (1971), this court should abstain from exercising its jurisdiction because doing so would interfere with the pending disciplinary proceedings against McKenna. Under Younger and its progeny, federal courts must abstain "when the requested relief would interfere (1) with an ongoing state judicial proceeding; (2) that implicates an important state interest; and (3) that provides an adequate opportunity for the federal plaintiff to advance his federal constitutional challenge." Rossi v. Gemma, 489 F.3d 26, 34-35 (1st Cir. 2007). That doctrine provides an obvious redoubt for the defendants: about two months before McKenna filed this action, this court, relying upon the Younger line of cases, dismissed without prejudice another action in which McKenna sought to enjoin the selfsame disciplinary proceedings at the heart of this case. McKenna v. DeSisto, No. 11-cv-602, 2012 WL 4486268 (D.R.I. Sept. 27, 2012) (McAuliffe, J.). The defendants argue that the principles that guided the court's decision in that case are equally applicable here, and that the same result should obtain.

After the defendants' motion to dismiss had been fully briefed on all sides, the Court of Appeals, in a summary disposition, affirmed this court's dismissal of McKenna's prior

action.  McKenna v. DeSisto, No. 12-2217 (1st Cir. June 10, 2013).  The Court of Appeals concluded that "[t]he district court correctly found that all the requirements for Younger abstention were met, making abstention mandatory in the absence of an applicable exception."  Id., slip op. at 1.  It further concluded, as this court had, that "McKenna's case does not meet any of the narrowly construed exceptions to Younger abstention." Id. (citing Malachowski v. City of Keene, 787 F.2d 704, 709 (1st Cir. 1986)).  More specifically, the Court of Appeals rejected McKenna's arguments that his action was exempt from Younger's reach because (a) "the Rhode Island Disciplinary Board and its Supreme Court are biased against him"; (b) "the delegation of authority to the Rhode Island Supreme Court and its Disciplinary Board to oversee attorney conduct is . . . flagrantly unconstitutional"; and (c) "the state's forum is inadequate." Id. at 1-2.

   Those are the same arguments that McKenna has made in his opposition to the defendants' motion to dismiss in this action. McKenna has also argued that the Board's proceedings are not "an ongoing state judicial proceeding" under the first prong of the Younger analysis, an argument that also would appear to be foreclosed by the Court of Appeals' opinion.  Nonetheless, so McKenna would have a full opportunity to explain why this front

3

in his battle should remain open notwithstanding that opinion, this court ordered him to file a memorandum explaining "why [he] believes the court should not dismiss this dispute for the same reason set forth in the Court of Appeals' opinion in DeSisto case."  Order of June 14, 2013.

McKenna did not file a memorandum as ordered by the court. The court takes this as a tacit acknowledgment that McKenna has no reason to believe the court should not dismiss this action for the same reasons set forth in the Court of Appeals' opinion (and this court's prior opinion), which are the same reasons the defendants advance in their motion to dismiss.  After careful consideration of the pleadings and the parties' memoranda, the court shares that view.  Defendants' motion to dismiss (document no. 12) is accordingly granted, and the case is dismissed without prejudice.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  July 3, 2013

cc:  Keven A. McKenna, Esq.
     Michael W. Field, Esq.
     Rebecca Tedford Partington, Esq.